UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Ernest Boyd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07 1768 |
| | ) | |
| U.S. District Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

TRANSFER ORDER

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is a prisoner confined in Bishopville, South Carolina. He seeks "jail credits" for time that he was allegedly held in custody in the District of Columbia from "1977 to December 25, 1978." Compl. at 1.

Although plaintiff invokes 42 U.S.C. § 1983, his challenge to the duration of his sentence is properly pursued by petitioning for a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The proper respondent to a *habeas corpus* petition the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla,* 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998)(citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner's warden is not within this Court's territorial jurisdiction. The Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is this _____ day of September 2007,

ORDERED that this case is TRANSFERRED to the United States District Court for the District of South Carolina. The Clerk of this Court shall file and docket the petition. Whether

petitioner should be permitted to proceed further without prepayment of fees is a determination

to be made by the transferee court.

_____
United States District Judge